UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRIAN ROGERS,

      Plaintiff,                                  Hon. Robert J. Jonker

v.                                                  Case No. 1:20-cv-178

COMMISSIONER OF SOCIAL
SECURITY,

      Defendant.
_____/

## REPORT AND RECOMMENDATION

This is an action pursuant to Section 205(g) of the Social Security Act, 42 U.S.C. § 405(g), to review a final decision of the Commissioner of Social Security denying Plaintiff's claim for Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI) under Titles II and XVI of the Social Security Act. Section 405(g) limits the Court to a review of the administrative record and provides that if the Commissioner's decision is supported by substantial evidence, it shall be conclusive. Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that the Commissioner's decision be affirmed.

## STANDARD OF REVIEW

The Court's jurisdiction is limited to a review of the Commissioner's decision and of the record made in the administrative hearing process. *Tucker v. Commissioner of Social Security*, 775 Fed. Appx. 220, 225 (6th Cir., June 10, 2019). The scope of judicial review in a social security case is limited to determining

whether the Commissioner applied the proper legal standards in making her decision and whether there exists in the record substantial evidence supporting that decision. *Id.* at 224-25. Substantial evidence is more than a scintilla, but less than a preponderance, and constitutes such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Livingston v. Commissioner of Social Security*, 776 Fed. Appx. 897, 898 (6th Cir., June 19, 2019).

The Court may not conduct a de novo review of the case, resolve evidentiary conflicts, or decide questions of credibility. *Biestek v. Commissioner of Social Security*, 880 F.3d 778, 783 (6th Cir. 2017). The substantial evidence standard presupposes the existence of a zone within which the decision maker can properly rule either way, without judicial interference. *Moruzzi v. Commissioner of Social Security*, 759 Fed. Appx. 396, 402 (6th Cir., Dec. 21, 2018). This standard affords to the administrative decision maker considerable latitude and indicates that a decision supported by substantial evidence will not be reversed simply because the evidence would have supported a contrary decision. *Luukkonen v. Commissioner of Social Security*, 653 Fed. Appx. 393, 398 (6th Cir., June 22, 2016).

**BACKGROUND**

Plaintiff was 39 years of age on his alleged disability onset date. (ECF No. 5-5, PageID.306, 352). He successfully completed high school and worked previously as a general laborer and tractor-trailer operator. (ECF No. 5-2, PageID.58). Plaintiff applied for benefits on August 31, 2017, alleging that he had been disabled

since July 25, 2015, due to back problems, degenerative disc disease, back fusion, and bi-polar disorder. (ECF No. 5-5, 5-6, PageID.306-21, 352, 370).

Plaintiff's applications were denied, after which time he requested a hearing before an Administrative Law Judge (ALJ). (ECF No. 5-3, 5-4, PageID.158-305). Following an administrative hearing, ALJ Adam Dale, in an opinion dated March 13, 2019, determined that Plaintiff did not qualify for disability benefits. (ECF No. 5-2, PageID.46-60, 67-107). The Appeals Council declined to review the ALJ's determination, rendering it the Commissioner's final decision in the matter. (*Id.*, PageID.27-31). Plaintiff subsequently initiated this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of the ALJ's decision.

Plaintiff's insured status expired on September 30, 2015. (*Id.*, PageID.49). Accordingly, to be eligible for Disability Insurance Benefits under Title II of the Social Security Act, Plaintiff must establish that he became disabled prior to the expiration of his insured status. *See* 42 U.S.C. § 423; *Moon v. Sullivan*, 923 F.2d 1175, 1182 (6th Cir. 1990).

## ANALYSIS OF THE ALJ'S DECISION

The social security regulations articulate a five-step sequential process for evaluating disability. *See* 20 C.F.R. §§ 404.1520(a-f), 416.920(a-f). If the Commissioner can make a dispositive finding at any point in the review, no further finding is required. *See* 20 C.F.R. §§ 404.1520(a), 416.920(a). The regulations also provide that if a claimant suffers from a non-exertional impairment as well as an

exertional impairment, both are considered in determining his residual functional capacity. *See* 20 C.F.R. §§ 404.1545, 416.945.

Plaintiff bears the burden to demonstrate he is entitled to disability benefits and he satisfies his burden by demonstrating that his impairments are so severe that he is unable to perform his previous work, and cannot, considering his age, education, and work experience, perform any other substantial gainful employment existing in significant numbers in the national economy. *See* 42 U.S.C. § 423(d)(2)(A). While the burden of proof shifts to the Commissioner at step five of the sequential evaluation process, Plaintiff bears the burden of proof through step four of the procedure, the point at which his residual functioning capacity (RFC) is determined. *O'Neal v. Commissioner of Social Security*, 799 Fed. Appx. 313, 315 (6th Cir., Jan. 7, 2020).

The ALJ determined that Plaintiff suffers from: (1) lumbar spine difficulties variously characterized as lumbar stenosis/spondylosis with history of a March 2003 L5-S1 fusion secondary to degenerative disc disease and herniation; (2) failed back laminectomy/fusion; (3) bilateral hip arthritis; (4) obesity; (5) bi-polar disorder; (6) anxiety disorder; and (7) personality disorder, severe impairments that whether considered alone or in combination with other impairments, failed to satisfy the requirements of any impairment identified in the Listing of Impairments detailed in 20 C.F.R., Part 404, Subpart P, Appendix 1. (*Id.*, PageID.49-52).

With respect to Plaintiff's residual functional capacity, the ALJ determined that Plaintiff retained the ability to perform a limited range of sedentary work. (*Id.*, PageID.52). The ALJ found that Plaintiff was unable to perform his past relevant work at which point the burden of proof shifted to the Commissioner to establish by substantial evidence that there exists in the national economy a significant number of specific jobs which Plaintiff can perform, his limitations notwithstanding. *O'Neal*, 799 Fed. Appx. at 316. In satisfying this burden, the ALJ may rely on a vocational expert's testimony. *Ibid.*

In this case, a vocational expert testified that there existed approximately 104,000 jobs in the national economy which an individual with Plaintiff's RFC could perform, such limitations notwithstanding. (*Id.*, PageID.102-04). This represents a significant number of jobs. *See, e.g., Taskila v. Commissioner of Social Security*, 819 F.3d 902, 905 (6th Cir. 2016) ("[s]ix thousand jobs in the United States fits comfortably within what this court and others have deemed 'significant'"). Accordingly, the ALJ concluded that Plaintiff was not entitled to benefits.

## I.    Plaintiff has Waived Several of His Claims

In bringing the present action, Plaintiff has an affirmative obligation to identify and clearly articulate the basis for his claims of error. *See, e.g., Zizzo v. Commissioner of Social Security*, 2013 WL 5291663 at *8 (E.D. Mich., Sept. 19, 2013) (courts do not engage in a self-directed inquiry into the facts because "judges are not like pigs, hunting for truffles buried in" the record). It is well recognized that

alleging error "in a perfunctory manner, unaccompanied by some effort at developed argumentation" constitutes waiver of such claim. *United States v. Stewart*, 628 F.3d 246, 256 (6th Cir. 2014); *see also, Moore v. Commissioner of Social Security*, 573 Fed. Appx. 540, 543 (6th Cir., Aug. 5, 2014) (citing *Stewart* with approval to find an undeveloped argument waived).

In his statement of errors, Plaintiff asserts that the Commissioner: (1) failed to give appropriate weight to the opinions of the medical experts; (2) violated agency rules; (3) failed in his duties to provide a fair and full hearing; and (4) misapplied the law. (ECF No. 11, PageID.953). For the reasons discussed below, however, the Court finds that Plaintiff has waived three of these alleged errors.

Other than in the statement of errors, Plaintiff's brief contains no discussion of, or reference to, the first three alleged errors. Moreover, Plaintiff's brief contains no citation to any legal authority as to each. Simply put, Plaintiff has failed to identify the rule or authority that the ALJ allegedly misapplied or articulate how the ALJ's analysis or application of such is erroneous or otherwise violates controlling authority. Accordingly, the Court finds that Plaintiff has waived his claims regarding the first three alleged errors.

## II.    Treating Physician Doctrine

In his fourth statement of error, Plaintiff asserts that the ALJ failed to give appropriate weight to the opinions of several of his care providers. Unlike the three issues discussed above, Plaintiff addresses this issue in his brief. His efforts,

-6-

however, are perfunctory and lack any attempt at "developed argumentation." While the Court would find that Plaintiff has likewise waived this issue, Defendant has failed to assert any such argument. Accordingly, the Court will address the merits of this issue.

The treating physician doctrine recognizes that medical professionals who have a long history of caring for a claimant and his maladies generally possess significant insight into his medical condition. *See Barker v. Shalala*, 40 F.3d 789, 794 (6th Cir. 1994). An ALJ must, therefore, give controlling weight to the opinion of a treating source if: (1) the opinion is "well-supported by medically acceptable clinical and laboratory diagnostic techniques" and (2) the opinion "is not inconsistent with the other substantial evidence in the case record." *Gayheart v. Commissioner of Social Security*, 710 F.3d 365, 375-76 (6th Cir. 2013).

If an ALJ accords less than controlling weight to a treating source's opinion, the ALJ must "give good reasons" for doing so. *Id.* at 376. Such reasons must be "supported by the evidence in the case record, and must be sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight." *Ibid.*

Such deference is appropriate, however, only where the particular opinion "is based upon sufficient medical data." *Miller v. Secretary of Health and Human Services*, 1991 WL 229979 at *2 (6th Cir., Nov. 7, 1991) (citation omitted). The ALJ may reject the opinion of a treating physician where such is unsupported by the medical record, merely states a conclusion, or is contradicted by substantial medical

evidence.  *See Cohen*, 964 F.2d at 528; *Cutlip v. Secretary of Health and Human Services*, 25 F.3d 284, 286-87 (6th Cir. 1994).

Plaintiff argues that the ALJ failed to afford appropriate weight to the opinions of the following care providers: (1) Dr. Melvin; (2) Dr. Plum; (3) Dr. Muca; and (4) Dr. Moulton.  (ECF No. 11, PageID.959-60).  The Court will address each separately.

    A.    <u>Dr. Melvin</u>

On December 19, 2013, Dr. Ron Melvin completed a "medical source statement" regarding Plaintiff's emotional impairments and the extent to which such limited Plaintiff's ability to perform work activities.  (ECF No. 5-8, PageID.642-47).  The doctor assessed Plaintiff's capabilities in 25 different areas, finding that Plaintiff was "unable to meet competitive standards" in nineteen areas and "seriously limited" in five areas.  (*Id.*, PageID.644-45).  The doctor further found that Plaintiff finds many aspects of working stressful.  (*Id.*, PageID.646).

The ALJ found Dr. Melvin's observations "unpersuasive."  (ECF No. 5-2, PageID.57).  As the ALJ observed, subsequent treatment records demonstrate that Plaintiff "was doing well with his mental symptoms which were stable with medication."  (ECF No. 5-7, 5-10, PageID.512-32, 844-904).  As the ALJ also noted, the doctor's extreme opinion was inconsistent with the fact that, beginning in 2015 and continuing through the date of the administrative hearing, Plaintiff worked almost six months each year at a campground performing a variety of activities.  (ECF No. 5-2, 5-6, 5-10, PageID.77, 94-95, 371, 852, 855, 864, 872).  There exists

substantial evidence to support the ALJ's decision to discount Dr. Melvin's extreme opinion. Accordingly, this argument is rejected.

B. Dr. Plum

Dr. Plum was one of the care providers that treated Plaintiff's emotional impairments. (ECF No. 5-10, PageID.844-66). Plaintiff has failed to identify any opinion by Dr. Plum that suggests Plaintiff is more limited than the ALJ concluded. Instead, Plaintiff has simply selected isolated portions of the doctor's treatment notes, reflecting Plaintiff's subjective allegations, and faulting the ALJ for failing to afford controlling weight to such. (ECF No. 11, PageID.957-59).[1] Plaintiff's claim fails for at least two reasons. First, Plaintiff has failed to identify any opinion by Dr. Plum that is inconsistent with the ALJ's RFC assessment. Second, to the extent the doctor's treatment notes are interpreted as asserting any such opinion, the ALJ properly discounted such. Dr. Plum's treatment notes, as well as the treatment notes identified in the preceding section, demonstrate that the ALJ's RFC sufficiently accounts for Plaintiff's emotional impairments and the limitations imposed by such. Accordingly, this argument is rejected.

C. Dr. Muca

On March 9, 2018, Dr. Irena Muca completed a form report regarding Plaintiff's physical abilities and limitations. (ECF No. 5-10, PageID.838-41). The

---

[1] The Court notes that, in his brief, Plaintiff cites to the administrative record by the transcript page number rather than to the PageID. number as required by the Local Rules. Counsel is advised that future violations of this rule may result in a rejection of the brief.

doctor reported that, during an eight-hour workday, Plaintiff could sit and stand/walk for less than two hours each. (*Id.*, PageID.839). The doctor reported that Plaintiff could not walk more than one block without experiencing "severe" pain. (*Id.*). Dr. Muca reported that Plaintiff would be required to take unscheduled breaks, of fifteen to thirty minutes duration, every hour. (*Id.*, PageID.840). The doctor reported that Plaintiff must spend ninety percent of the workday with his feet elevated. (*Id.*). The doctor also reported that Plaintiff's pain was so severe that it would interfere with his ability to perform even simple work more than 25 percent of the workday. (*Id.*, PageID.841).

The ALJ discounted this opinion, noting that it was inconsistent with the medical evidence "which showed minimal, routine and conservative treatment . . . and only slight worsening on imaging studies during the relevant period." (ECF No. 5-2, PageID.56-57). This conclusion is supported by the medical record. (ECF No. 5-8, 5-9, 5-10, PageID.585-86, 702-17, 738-57, 842, 905-15, 925-29). Likewise, Plaintiff's reported activities, including working almost one-half of each year managing a campground, undermine Dr. Muca's opinion that Plaintiff is nearly incapacitated. There is no question that Plaintiff suffers from severe impairments, which significantly limit his ability to function, however, such are sufficiently accounted for by the ALJ's very limited RFC. Substantial evidence supports the ALJ's decision to discount Dr. Muca's extreme opinion. Accordingly, this argument is rejected.

D.   Dr. Moulton

Plaintiff has failed to identify anything in the administrative record suggesting that Dr. Moulton has expressed the opinion that Plaintiff is more limited than the ALJ recognized. Moreover, the few treatment notes in the record authored by Dr. Moulton do not suggest that Plaintiff is incapable of performing a limited range of sedentary work as the ALJ concluded. (ECF No. 5-10, PageID.842-43, 927-29). Accordingly, this argument is rejected.

## CONCLUSION

For the reasons stated herein, the undersigned recommends that the Commissioner's decision be affirmed.

OBJECTIONS to this report and recommendation must be filed with the Clerk of Court within fourteen days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within such time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

Respectfully submitted,

Date: October 9, 2020  /s/ Phillip J. Green
PHILLIP J. GREEN
United States Magistrate Judge